Argued October 6, reversed December 12, 1975

HILL, *Respondent, v.* PACIFIC POWER &
LIGHT COMPANY, *Appellant.*

543 P2d 3

*Richard A. Hayden, Jr.,* Portland, argued the
cause for appellant. With him on the briefs was Rives,
Bonyhadi & Drummond, Portland.

*Nicholas D. Zafiratos,* Astoria, argued the cause for respondent. With him on the brief was Zafiratos & Roman, Astoria.

HOLMAN, J.

This is an action for damages resulting from personal injuries which occurred while plaintiff was a business invitee in one of defendant's offices. Defendant appeals from a judgment for plaintiff entered pursuant to a jury verdict.

The sole issue is whether there was sufficient evidence of defendant's negligence to go to the jury. The facts will be stated in a manner as favorable to plaintiff as is justified by the evidence. Plaintiff entered defendant's office and walked up to a counter to make a deposit for electric service. The counter was of ordinary height and its top overhung the side facing the customer by three-fourths of an inch to one inch. The side toward the customer was smooth except for narrow decorative wooden strips, vertically placed at regular intervals of about every two feet, which protruded to a point flush with the counter overhang. Plaintiff was leaning on the counter when it became necessary for her to turn to walk parallel with the counter to communicate with the person who was waiting upon her. As she did so she struck her knee against one of the decorative strips and dislocated her kneecap.

Defendant is charged with negligence in the following particulars:

"In maintaining a projection in the customer service counter which was hard to see and which would be struck by a passerby while at the customer service desk.

"In failing to warn plaintiff or others of the projection as aforesaid."

■■ Defendant was under a duty to exercise reasonable care to make its premises safe for plaintiff. The sole question is whether defendant reasonably should have anticipated that its decorative arrangement would present some danger to its patrons. We believe not. There was no evidence that would justify a finding that the strips were "hard to see." They were of dark wood and were placed upon a light cream background. In addition, the top of the counter did not overhang the strips as the strips were flush with it. We do not believe that a reasonably prudent person should have realized or appreciated *any* hazard. Defendant does not insure that no one will be injured in its offices. Its obligation is to exercise reasonable care to protect its customers from unreasonable risks of harm. Since we conclude that defendant could not reasonably have anticipated such a risk, defendant's motion for a directed verdict should have been allowed.

The judgment of the trial court is reversed.